John E. HALL, Plaintiff–Appellant,

v.

Jo Anne B. BARNHART, Commissioner of Social Security, Defendant–Appellee.

No. 04–56613.

United States Court of Appeals, Ninth Circuit.

Argued & Submitted Dec. 4, 2006.

Filed Dec. 12, 2006.

John H. Kays, Esq., Law Offices of John H. Kays, Irvine, CA, for Plaintiff–Appellant.

Liz Noteware, Esq., Social Security Administration Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: REINHARDT, KOZINSKI, and SMITH, Circuit Judges.

## MEMORANDUM *

Hall appeals from the district court's order affirming the Administrative Law Judge's (ALJ's) denial of his disability benefits. He challenges the ALJ's rejection of his physicians' reports and his parents' testimony.[1] The ALJ concluded that the reports and testimony were inconsistent with Hall's employment history, with spe-cial emphasis on Hall's seven-year employment at Sears.

■ The ALJ "must provide 'clear and convincing' reasons for rejecting the un-contradicted opinion" of a treating or ex-amining doctor. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.1995). He did so in this case. Dr. Schwartz described Hall as un-able to fulfill the basic requirements of any job. However, Hall was employed at Sears for seven years and his condition has not materially changed since that time. The ALJ reasonably concluded that Sears would have terminated Hall had he truly been as incapable of performing work as Dr. Schwartz indicated.

■ In order to discount the testimony of a lay witness, the ALJ "must give rea-sons that are germane to each witness." *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir.1993). Hall's parents described Hall as completely unable to keep a job, even though he had, in fact, kept his last job, at Sears, for seven years. The ALJ correctly concluded that Hall's seven-year employ-ment at Sears was a germane reason for rejecting his parents' testimony.

Accordingly, we hold that the ALJ's de-cision is supported by substantial evidence and AFFIRM.

---

\* This disposition is not appropriate for publica-tion and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Hall also argues that the ALJ erred in fail-ing to consider the cumulative effect of his mental and physical disabilities. In making this argument, Hall incorrectly cites to an earlier ALJ decision, which was overturned by the Appeals Council. The ALJ appropri-ately considered cumulative effects in the de-cision under review.